

BROWN, Deputy Attorney General, August 10, 1942.
—On July 8, 1941, this department issued its formal
opinion, Internes' Hospital Service, 42 D. & C. 371,

in response to your request for advice on a number of questions relating to medical internes.

That opinion disposed of only one question, the remaining questions being left for a separate and later opinion. We submit herewith our opinion which will dispose of the other questions which you have raised as to the status of internes.

It was held in Internes' Hospital Service, supra, that a student interne may continue to serve as such in a hospital from the time he takes his examination for licensure until such time as he is notified of the results of his examination. The situation with which that opinion dealt arose because the State Board of Medical Education and Licensure had refused to allow internes to continue in such service in a hospital from the end of the interne year, which is approximately July 1st, until the results of their examinations were learned. This period would approximate 90 days, and the effect of the ruling of the State Board of Medical Education and Licensure was that for this 90-day period the particular student interne could not practice medicine because he had not been advised as to the result of his examination; and since he was not licensed he could not continue in the hospital as an interne because his year of interneship was completed.

It is to be noted that Internes' Hospital Service, supra, holds that there is no reason for such interne not being permitted to serve for this period of approximately 90 days, but Internes' Hospital Service, supra, goes no further than to advise you that he may so serve "until such time as he is notified of the results of his examination", although we discussed the general subject of internes in detail.

The remaining questions may be stated as follows:

1. Where a graduate of an approved medical college serves one year as an interne in a hospital approved for interne training and fails in his examination before the State Board of Medical Education and Li-

censure, does such failure disqualify him from acting as a student interne in any incorporated hospital or State hospital whether or not approved for interne training?

2. May a graduate of an approved medical college, before or after serving his required one year as a student interne in a hospital approved for interne training, serve as a student interne in an incorporated hospital or State hospital not approved for interne training even though he may not be pursuing a medical specialty course?

3. Does the Act of July 10, 1935, P. L. 645, require hospitals receiving appropriations from the State to have in attendance at all times a licensed physician, or may it have either a licensed physician or a resident interne?

Before proceeding to dispose of the three questions above mentioned, we wish to say generally that the various statutes relating to internes and our discussion of them in Internes' Hospital Service, supra, would seem to control in all three situations above outlined. In other words, from our discussion in Internes' Hospital Service, supra, we can now declare the following conclusions:

1. That a student interne may serve in any incorporated hospital or State hospital so long as he acts under the supervision of the medical or surgical staff of the hospital.

2. The hospital in which he serves need not be a hospital which is approved for interne training, as stated above, it being merely required that the hospital be an incorporated or a State hospital.

3. The requirement that a student must serve an interneship of one year prior to his taking the examination is only a minimum, and not a maximum, requirement.

The authority for the above propositions as set forth in Internes' Hospital Service, supra, is as follows:

The provisions of section 6 of the Medical Practice Act of June 3, 1911, P. L. 639, as amended April 20, 1921, P. L. 158, 63 PS §407, are, inter alia, as follows:

"In case of failure at any examination, the applicant shall have, after the expiration of six months and within two years, the privileges of a second examination by the bureau, without the payment of an additional fee, excepting in the case of a bedside, oral, or laboratory examination, when the examination shall be confined to one trial only. In case of failure in a second examination, the applicant must enter de novo and only after a year of post-graduate study approved by the bureau, and qualify under the conditions obtaining at the time of this application."

It is to be noted that this section of the act contains no provision which limits the period of service as an interne by an applicant for medical licensure excepting in case of a failure of the second examination by such applicant who in such case is required to complete one year of an approved post-graduate study if he desires to qualify for another examination for medical licensure. Sight should not be lost of the fact that in the case of bedside, oral, or laboratory examination, the applicant is confined to one examination only.

The proviso of section 7 of the Medical Practice Act of June 3, 1911, P. L. 639, as amended July 19, 1935, P. L. 1329, 63 PS §409, reads as follows:

"* * * Provided, That this section, relating to certificates to practice medicine and surgery, shall not apply to * * * any one while actually serving as a student intern under the supervision of the medical or surgical staff of any legally incorporated hospital * * *"

Section 5 of the same act reads, inter alia, as follows:

"Applicants for licensure under the provisions of this act shall furnish, prior to any examination by the

said board, satisfactory proof that he or she * * * *shall have completed not less than one year as intern in an approved hospital * * *"* (Italics supplied.)

While the Act of July 10, 1935, P. L. 645, 53 PS §2206 et seq., is not quoted in Internes' Hospital Service, supra, that act provides as follows:

"That all hospitals having one hundred beds or more receiving any appropriation from the State shall, at all times, have in attendance at such hospital at least one licensed physician *or resident interne* who shall have graduated from an approved medical college, or approved osteopathic college if such hospital be an osteopathic hospital." (Italics supplied.)

However, the 1942 special session of the legislature by its Act of April 13, 1942, P. L. 32, amended section 2 of this act, which now reads as follows:

"The Department of Welfare shall enforce the provisions of this act and shall withhold the payment of all money, or the unpaid balance thereof, appropriated or allotted to any hospital failing to comply with the provisions of this act: Provided, however, That during the continuation of the state of war between the United States of America and any foreign country and for six months thereafter no funds appropriated or allotted to any hospital shall be withheld under this act if the Secretary of Welfare determines that the constant attendance of a licensed physician or resident interne cannot be secured by such hospital because of the war emergency."

It would seem that the only reasons for disposing of the questions above mentioned are the following:

1. The Act of July 10, 1935, quoted above, refers to "resident internes" while the proviso to section 7 of the Medical Practice Act, supra, refers to "student internes".

2. There appears to be a reluctance on the part of the State Board of Medical Education and Licensure to accept the proposition that a student interne is per-

mitted to serve in such capacity even though under the supervision of the medical or surgical staff.

It is true that the Act of July 10, 1935, supra, speaks of "a resident interne", but this term is followed in the act by a qualifying clause which reads "who shall have graduated from an approved medical college".

A student interne is, of course, a graduate of a medical college who is serving his interneship for at least one year prior to the taking of his examination. In fact, as pointed out in Internes' Hospital Service, supra, the State Board of Medical Education and Licensure looks upon this minimum year of interneship as being a "fifth year of medicine". We, therefore, have no difficulty with the proposition that the Act of July 10, 1935, supra, authorizes you to make appropriations to hospitals which have one hundred or more beds and which have in attendance at least one licensed physician or resident interne who shall have graduated from an approved medical college, and that the General Assembly has therefore and thereby recognized that a hospital is meeting the requirements which the Commonwealth prescribes as to internes. The only significance which the Medical Practice Act, supra, has in this regard is that it requires the "student interne" to be at all times under the supervision of the medical or surgical staff of any incorporated hospital or State hospital.

In other words, all hospitals, which can be recognized as such under our law, in order to qualify for appropriations under the Act of July 10, 1935, supra, as amended, must have at least a qualified physician or an interne in attendance, and it is sufficient if the interne, be he designated as "student" or "resident", be a graduate of an approved medical college if he works under the supervision of the medical or surgical staff of the hospital.

It is to be noted, however, that under the amendment of this act the Secretary of Welfare during the

continuation of a state of war between the United States and any foreign country and for six months thereafter, may properly appropriate or allot to any hospital State funds if he determines that the constant attendance of a licensed physician or resident interne cannot be secured because of the war emergency.

It is our opinion, therefore, and you are accordingly advised that:

1. A graduate of an approved medical college, who has served one year as an interne in a hospital approved for interne training and who has failed to pass his examination before the State Board of Medical Education and Licensure may act as a student interne in any incorporated hospital or State hospital, whether or not approved for interne training, if he has not failed his State board examinations more than once. In case the interne has failed to pass his State board examination the second time, then it is necessary for him to enter an approved medical school de novo and satisfactorily complete a year of approved post-graduate study, in order to qualify for another examination leading to licensure.

2. A graduate of an approved medical college, before or after serving his one year of interneship, as a student interne, in a hospital approved for interne training, may serve as a student interne in any incorporated hospital or State hospital, approved for interne training, even though he is not pursuing a medical specialty course, as long as he is under the supervision of the medical or surgical staff of the hospital.

3. The Act of July 10, 1935, P. L. 645, 53 PS §2206 et seq., requires hospitals receiving State-aid appropriations to have in attendance at all times either a licensed physician or a resident or student interne, who must be, however, under the supervision of the medical or surgical staff of the hospital, provided, however, that if the Secretary of Welfare determines that

during the continuation of a state of war between the United States and any foreign country and for six months thereafter the constant attendance of a licensed physician or resident interne cannot be secured by such a hospital because of the war emergency, he is not required to withhold any appropriations which may be due the hospital.